```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/09/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JEFFREY GEFFNER,

                       Plaintiff,

  -against-

FOURKANE IRKI, JOHN DOE 1 TO 10, JANE
DOE 1 TO 10 AND ABC CORP. 1 TO 10,

                       Defendants.
-------------------------------------------------------------------x

Case No.: 1:20-cv-01171-ALC-SN

**ORDER GRANTING
SUBSTITUTION OF PLAINTIFF**

SARAH NETBURN, United States Magistrate Judge:

    BEFORE THE COURT is a motion filed by Stephen Geffner as Administrator of the Estate of Jeffrey Geffner to substitute himself as the Plaintiff in the above-entitled action following the death of Plaintiff Jeffrey Geffner on January 5, 2022.

    Stephen Geffner, Administrator of the Estate of Jeffrey Geffner, moves pursuant to Rule 25(a) of the Federal Rules of Civil Procedure, which provides that if a party dies and their claim is not extinguished, then "the court may order substitution of the proper party." FED R. CIV. P. 25(a)(1). The motion must be served on the Parties. *Id.* A party has 90 days to make a motion after service of a "statement noting the death." *Id.* "It is well settled that for a suggestion of death to be valid and invoke the 90-day limit, it must identify the successor or representative who may be substituted for the decedent." *Smith v. Planas*, 151 F.R.D. 547, 549 (S.D.N.Y. 1993). Further, when a change is formal and does not alter the original allegations, a substitution should be allowed. *See Ferring B.V. v. Allergan, Inc.*, 316 F.Supp.3d 623, 630-31 (S.D.N.Y. 2018). Prior to the filing of the instant motion there was no "statement noting the death" on the record. As such, the 90-day limit has not yet begun. Moreover, substituting Stephen Geffner in the above-entitled action would not in any way alter the original allegations.

Accordingly, it is hereby ORDERED that STEPHEN GEFFNER as Administrator of the Estate of JEFFREY GEFFNER, be substituted for JEFFREY GEFFNER as Plaintiff in the above-entitled action.

The caption in the above-entitled action is to be updated as follows:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
STEPHEN GEFFNER as Administrator of the
Estate of JEFFREY GEFFNER

                  Plaintiff,

   -against-

FOURKANE IRKI, JOHN DOE 1 TO 10, JANE
DOE 1 TO 10 AND ABC CORP. 1 TO 10,

                 Defendants.
-----------------------------------------------------------------x

Case No.: 1:20-cv-01171-ALC-SN

Additionally, Defendant appears to file a cross-motion to dismiss as a case-dispositive sanction. To the extent the motion is brought under Federal Rule of Civil Procedure 25(a)(1), Plaintiff filed his motion for substitution within 90 days of the statement noting the Plaintiff's death, and the Court finds that that statement was not unreasonably delayed. To the extent the motion is brought under Federal Rules of Civil Procedure 26(e) and 37(c), on the record before the Court, there is insufficient evidence of any prejudicial non-compliance with a prior discovery request or that Defendant timely pursued discovery within the discovery period. Accordingly, the Court declines to enter case dispositive sanctions under Rules 25, 26 or 37. The Clerk of Court is respectfully requested to terminate the motions at ECF Nos. 42 and 49. The parties are ORDERED to discuss (1) whether a settlement conference at this time would be productive and (2) a briefing scheduling for any anticipated motion for summary judgment. The parties shall file a letter no later than November 14, 2022, advising the Court of their position(s).
**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: November 9, 2022
       New York, New York