UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN GEFFNER, *as Administrator of the Estate of Jeffrey Geffner,* | |
| Plaintiff, | 20-cv-1171 (ALC)(SN) |
| -against- | <u>OPINION & ORDER</u> |
| FOURKANE IRKI, JOHN DOE 1 to 10, JANE DOE 1 to 10, and ABC CORP. 1 to 10, | |
| Defendants. | |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Stephen Geffner ("Plaintiff") brings this action on behalf of Jeffrey Geffner ("Geffner") to recover damages from Defendant Fourkane Irki ("Irki" or "Defendant") for injuries arising from a motor vehicle accident. Plaintiff now moves for partial summary judgment on liability. For the reasons that follow, Plaintiff's motion is **DENIED**.

## BACKGROUND

### A. Factual Background

The following factual summary relies upon the parties' statements submitted pursuant to Local Civil Rule 56.1(a). These facts are not disputed except as noted.

On July 1, 2019, a 2015 Honda Civic driven by Irki collided with the rear of a 2015 Infiniti operated by Geffner on the Harlem River Drive. (Pl.'s 56.1 Stmt., ECF No. 63 ¶¶ 5, 12.) At the time of the collision, Geffner's vehicle was stopped in traffic. (*Id*. ¶ 6.) Geffner alleges that Irki was driving fast and did not slow down as he approached Geffner's vehicle. (*Id*. ¶ 7.) Geffner maintains that at the time of the accident, Irki was following GPS directions on his cellphone, which was mounted on a bracket on his dashboard. (*Id*. ¶ 10.)

1

Irki represents that he was driving slowly in heavy traffic and that his car hit Geffner's as a result of Irki attempting to avoid being hit by another vehicle changing into his lane. (Def.'s 56.1 Stmt., ECF No. ¶ 5.) Irki maintains that he was not looking at his cellphone during the accident. (*Id.* ¶ 10.)

### B. Procedural Background

On February 11, 2020, Plaintiff filed the Complaint in this action, alleging claims of negligence against Irki. (ECF No. 2.) Plaintiff moved for summary judgment on July 16, 2021 and the motion was fully submitted as of August 30, 2021. (ECF Nos. 33–40.)

While the motion was pending, Plaintiff filed a motion to substitute Stephen Geffner as plaintiff following Jeffrey Geffner's death pursuant to Federal Rule of Civil Procedure 25. The Court denied the pending motion for summary judgment and directed the parties to formally brief the motion for substitution. (ECF No. 46.) Judge Netburn granted the motion for substitution on November 9, 2022. (ECF No. 55.)

Thereafter, Plaintiff re-filed his motion for partial summary judgment on December 19, 2022. (ECF No. 60.) Defendant filed a memorandum in opposition on January 13, 2023. (ECF No. 64.) Plaintiff filed his reply on January 18, 2023. (ECF No. 67.)

## LEGAL STANDARD

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23(1986). "There is no issue of material fact where the facts are irrelevant to the disposition of the matter." *Chartis Seguros Mexico, S.A. de C.V. v. HLI Rail & Rigging, LLC*, 967 F. Supp. 2d 756, 761 (S.D.N.Y. 2013); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that a fact is material if it

would "affect the outcome of the suit under governing law"). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

In deciding a summary judgment motion, courts must construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in her favor. *Niagara Mohawk Power Corp. v. Jones Chemical Inc.,* 315 F.3d 171, 175 (2d Cir. 2003). Courts may not assess credibility, nor may they decide between conflicting versions of events, because those matters are reserved for the jury. *Jeffreys v. City of New York,* 426 F.3d 549, 553–54 (2d Cir. 2005). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Id.* (quoting *Anderson,* 477 U.S. at 252).

As the parties' briefs rely upon New York law, the Court applies New York law to this diversity action. *See Merrill Lynch Interfunding, Inc. v. Argenti*, 155 F.3d 113, 121 n.5 (2d Cir. 1998) ("Jurisdiction in this case is premised on diversity, and the parties both present arguments based on New York law, the law of the forum state. It is therefore appropriate for this Court to apply New York law.").

## DISCUSSION

Plaintiff alleges that Defendant is liable because New York common law establishes that a rear-end collision with a stopped vehicle creates a presumption of negligence against the operator of the moving vehicle. Indeed, "[i]t is well settled that a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle." *Tutrani v. Cnty. of Suffolk*, 891 N.E.2d 726, 727 (N.Y. 2008) (internal quotation marks and citations omitted). However, in opposition, Defendant rebuts the inference of negligence by providing a

non-negligent justification for the accident. *See*, *e.g*, *Klopchin v. Masri*, 846 N.Y.S.2d 311, 311 (N.Y. App. Div. 2007) (reversing grant of summary judgment because Defendants rebutted the *prima facie* case by "providing a nonnegligent explanation for the collision . . . that the injured plaintiff made a sudden stop and failed to give proper signals"). Specifically, Defendant raises a triable issue of fact by providing a nonnegligent explanation for the collision in his deposition testimony: that a vehicle changed lanes suddenly. This evidence sufficiently rebuts the inference of negligence and defeats Plaintiff's summary judgment motion. *See, e.g.*, *Cruz v. Valentine Packaging Corp.*, 89 N.Y.S.3d 316, 317 (N.Y. App. Div. 2018) ("A nonnegligent explanation may include that a vehicle made a sudden lane change in front of a defendant's vehicle, forcing the defendant to stop suddenly."); *Reitz v. Seagate Trucking, Inc.*, 898 N.Y.S.2d 173, 175 (2010) ("[T]he defendants rebutted the inference of negligence by adducing evidence that the plaintiffs' vehicle suddenly changed lanes directly in front of their vehicle, forcing the defendant [] to stop suddenly."). Accordingly, summary judgment is denied.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for summary judgment. In accordance with this Court's individual practices, the parties are ordered to file a proposed joint pretrial order within **30 days** from the date of this opinion. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 60.

**SO ORDERED.**

**Dated: April 5, 2023**
      New York, New York

                                                                **ANDREW L. CARTER, JR.**
                                                                **United States District Judge**